IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VIVID SEATS LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>DIGI PORTAL LLC,<br><br>    Defendant. | Case No.: _____<br><br>**JURY DEMANDED** |

**COMPLAINT FOR DECLARATORY JUDGMENT
OF PATENT NON-INFRINGEMENT AND INVALIDITY**

Plaintiff Vivid Seats LLC ("Vivid Seats") files this Complaint against Digi Portal LLC ("Digi Portal"), and respectfully alleges as follows:

**NATURE OF THIS ACTION**

1. This is a declaratory judgment action for non-infringement and invalidity of U.S. Patent Nos. 5,983,227; 7,171,414; 7,565,359; 8,352,854; and 9,626,342 (collectively, the "Asserted Patents").

**PARTIES**

2. Plaintiff Vivid Seats is a limited liability corporation organized under the laws of Delaware with a principal place of business at 111 N. Canal St., Chicago, Illinois 60606.

3. Upon information and belief, defendant Digi Portal is a limited liability corporation organized under the laws of Texas with the ability to receive mail at 101 E. Park Blvd, Suite 600, Plano, Texas 75074.

## JURISDICTION AND VENUE

4. This action arises under the Patent Laws of the United States, Title 35, United States Code 35 U.S.C. § 1 *et seq.*, and under Title 28, United States Code, Chapter 151, §§ 2201 and 2202, entitled Declaratory Judgments.

5. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and/or 2202.

6. This Court has personal jurisdiction over Digi Portal in this matter. Digi Portal has connected its enforcement efforts related to the Asserted Patents to this forum by, among other things, hiring an Illinois attorney to draft and send a licensing demand and claim charts alleging infringement into this forum, and utilizing an Illinois-based law firm as its litigation counsel in at least twenty lawsuits enforcing the Asserted Patents against others. Based on these contacts with Illinois and this District, Digi Portal is subject to personal jurisdiction in this District.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c), and/or (d).

## BACKGROUND

8. On June 26, 2020, Digi Portal, through its counsel, sent a letter to Vivid Seats addressed to Ryan Fitts, Vice President of Legal and Government Affairs of Vivid Seats (the "Digi Portal Letter"). A true and accurate copy of the Digi Portal Letter is attached hereto as Exhibit A, and is incorporated herein in its entirety by reference.

9. In the Digi Portal Letter, Digi Portal asserts it is the owner of the Asserted Patents.

10. In the Digi Portal Letter, Digi Portal (1) accuses Vivid Seats of infringement of the Asserted Patents; (2) identifies Vivid Seats' website ("vividseats.com") as an accused instrumentality; (3) outlines specific conduct attributable to Vivid Seats and alleges that conduct to be infringing; (4) provides claim charts asserting Digi Portal's theory of Vivid Seats'

infringement of the Asserted Patents; and (5) requests a response within two weeks of the aforementioned date of the letter.

11. The Digi Portal Letter and claim charts accuse Vivid Seats of activities which Digi Portal alleges infringe the Asserted Patents, including "making, using, selling and/or offering for sale, as well as instructing [Vivid Seats] customers to use, [vividseats.com]."

12. In the claim charts attached to the Digi Portal Letter, Digi Portal specifically identifies vividseats.com as an accused instrumentality and accuses it of infringing at least one claim of each Asserted Patent.

13. In the claim chart comparing U.S. Patent No. 5,983,227 (the "'227 Patent") to vividseats.com, Digi Portal accuses Vivid Seats of infringing claim 2 of the '227 Patent.

14. In the claim chart comparing U.S. Patent No. 7,171,414 (the "'414 Patent") to vividseats.com, Digi Portal accuses Vivid Seats of infringing claims 1 and 3 of the '414 Patent.

15. In the claim chart comparing U.S. Patent No. 7,565,359 (the "'359 Patent") to vividseats.com, Digi Portal accuses Vivid Seats of infringing claim 10 of the '359 Patent.

16. In the claim chart comparing U.S. Patent No. 8,352,854 (the "'854 Patent") to vividseats.com, Digi Portal accuses Vivid Seats of infringing claims 1, 2, 8, 9, and 15 of the '854 Patent.

17. In the claim chart comparing U.S. Patent No. 9,626,342 (the "'342 Patent") to vividseats.com, Digi Portal accuses Vivid Seats of infringing claims 1 and 7 of the '342 Patent.

18. Therefore, Digi Portal has asserted each of the Asserted Patents against vividseats.com.

19. Upon information and belief, Digi Portal has filed at least 20 federal law suits asserting infringement of the Asserted Patents since May of 2018. All of these cases were quickly dismissed except for those filed within the past month.

20. Upon information and belief, counsel located in Illinois and this District have filed an appearance on behalf of Digi Portal in each of Digi Portal's 20 federal law suits asserting infringement of the Asserted Patents filed since May of 2018. Upon information and belief, the Illinois-based law firm Direction IP provides substantive enforcement counsel to Digi Portal.

21. Upon information and belief, Digi Portal offers no products or services aside from its licensing of the Asserted Patents, and it exists solely for that purpose.

22. Vivid Seats and Digi Portal have a clear conflict of asserted rights against one another, and an actual controversy exists between Vivid Seats and Digi Portal with respect to the Asserted Patents.

23. As a result of Digi Portal's actions, Vivid Seats has a reasonable apprehension of enforcement of the Asserted Patents against it. Therefore, Vivid Seats files this action in order to resolve an actual and justiciable controversy between itself and Digi Portal hereto.

## FIRST CAUSE OF ACTION

**(Declaratory Judgment of Non-Infringement of The '227 Patent)**

24. Vivid Seats hereby incorporates by reference, as if stated fully herein, each allegation contained in ¶¶ 1–13 and 18–23 of this Complaint.

25. Vivid Seats does not make, use, offer for sale, sell, import, or export, and has never made, used, offered to sell, sold, imported, or exported, a device or apparatus that infringes either directly or indirectly, any valid and enforceable claim of the '227 Patent.

26. Furthermore, Vivid Seats does not practice or perform, and has never practiced or performed, any method that infringes, either directly or indirectly, or performed any acts

constituting contributory infringement of, or inducement to infringe any valid and enforceable claim of the '227 Patent.

27. As set forth above, an actual controversy exists between Vivid Seats and Digi Portal concerning the non-infringement of the '227 Patent.

28. Accordingly, Vivid Seats seeks and is entitled to a judgment against Digi Portal that vividseats.com, as well as any of Vivid Seats' activities and undertakings related to making, using, selling and/or offering for sale, as well as instructing customers to use vividseats.com, have not infringed and do not infringe (directly, indirectly, contributorily, or by inducement) any valid claim of the '227 Patent.

## SECOND CAUSE OF ACTION

**(Declaratory Judgment of Invalidity of The '227 Patent)**

29. Vivid Seats hereby incorporates by reference, as if stated fully herein, each allegation contained in ¶¶ 1–13 and 18–23 of this Complaint.

30. The '227 Patent is invalid for failure to meet one or more of the conditions of patentability specified in Title 35 of the United States Code. Specifically, the '227 Patent does not satisfy the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

31. As set forth in detail above, an actual controversy exists between Vivid Seats and Digi Portal as to whether the '227 Patent is invalid.

32. Accordingly, Vivid Seats seeks and is entitled to a judgment against Digi Portal that the '227 Patent is invalid.

## THIRD CAUSE OF ACTION

**(Declaratory Judgment of Non-Infringement of The '414 Patent)**

33. Vivid Seats hereby incorporates by reference, as if stated fully herein, each allegation contained in ¶¶ 1–12, 14, and 18–23 of this Complaint.

34. Vivid Seats does not make, use, offer for sale, sell, import, or export, and has never made, used, offered to sell, sold, imported, or exported, a device or apparatus that infringes either directly or indirectly, any valid and enforceable claim of the '414 Patent.

35. Furthermore, Vivid Seats does not practice or perform, and has never practiced or performed, any method that infringes, either directly or indirectly, or performed any acts constituting contributory infringement of, or inducement to infringe any valid and enforceable claim of the '414 Patent.

36. As set forth above, an actual controversy exists between Vivid Seats and Digi Portal concerning the non-infringement of the '414 Patent.

37. Accordingly, Vivid Seats seeks and is entitled to a judgment against Digi Portal that vividseats.com, as well as any of Vivid Seats' activities and undertakings related to making, using, selling and/or offering for sale, as well as instructing customers to use vividseats.com, have not infringed and do not infringe (directly, indirectly, contributorily, or by inducement) any valid claim of the '414 Patent.

## FOURTH CAUSE OF ACTION

**(Declaratory Judgment of Invalidity of The '414 Patent)**

38. Vivid Seats hereby incorporates by reference, as if stated fully herein, each allegation contained in ¶¶ 1–12, 14, and 18–23 of this Complaint.

39. The '414 Patent is invalid for failure to meet one or more of the conditions of patentability specified in Title 35 of the United States Code. Specifically, the '414 Patent does not satisfy the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

40. As set forth in detail above, an actual controversy exists between Vivid Seats and Digi Portal as to whether the '414 Patent is invalid.

41. Accordingly, Vivid Seats seeks and is entitled to a judgment against Digi Portal that the '414 Patent is invalid.

## FIFTH CAUSE OF ACTION

**(Declaratory Judgment of Non-Infringement of The '359 Patent)**

42. Vivid Seats hereby incorporates by reference, as if stated fully herein, each allegation contained in ¶¶ 1–12, 15, and 18–23 of this Complaint.

43. Vivid Seats does not make, use, offer for sale, sell, import, or export, and has never made, used, offered to sell, sold, imported, or exported, a device or apparatus that infringes either directly or indirectly, any valid and enforceable claim of the '359 Patent.

44. Furthermore, Vivid Seats does not practice or perform, and has never practiced or performed, any method that infringes, either directly or indirectly, or performed any acts constituting contributory infringement of, or inducement to infringe any valid and enforceable claim of the '359 Patent.

45. As set forth above, an actual controversy exists between Vivid Seats and Digi Portal concerning the non-infringement of the '359 Patent.

46. Accordingly, Vivid Seats seeks and is entitled to a judgment against Digi Portal that vividseats.com, as well as any of Vivid Seats' activities and undertakings related to making, using, selling and/or offering for sale, as well as instructing customers to use vividseats.com, have not infringed and do not infringe (directly, indirectly, contributorily, or by inducement) any valid claim of the '359 Patent.

## SIXTH CAUSE OF ACTION

**(Declaratory Judgment of Invalidity of The '359 Patent)**

47. Vivid Seats hereby incorporates by reference, as if stated fully herein, each allegation contained in ¶¶ 1–12, 15, and 18–23 of this Complaint.

48. The '359 Patent is invalid for failure to meet one or more of the conditions of patentability specified in Title 35 of the United States Code. Specifically, the '359 Patent does not satisfy the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

49. As set forth in detail above, an actual controversy exists between Vivid Seats and Digi Portal as to whether the '359 Patent is invalid.

50. Accordingly, Vivid Seats seeks and is entitled to a judgment against Digi Portal that the '359 Patent is invalid.

## SEVENTH CAUSE OF ACTION

**(Declaratory Judgment of Non-Infringement of The '854 Patent)**

51. Vivid Seats hereby incorporates by reference, as if stated fully herein, each allegation contained in ¶¶ 1–12, 16, and 18–23 of this Complaint.

52. Vivid Seats does not make, use, offer for sale, sell, import, or export, and has never made, used, offered to sell, sold, imported, or exported, a device or apparatus that infringes either directly or indirectly, any valid and enforceable claim of the '854 Patent.

53. Furthermore, Vivid Seats does not practice or perform, and has never practiced or performed, any method that infringes, either directly or indirectly, or performed any acts constituting contributory infringement of, or inducement to infringe any valid and enforceable claim of the '854 Patent.

54. As set forth above, an actual controversy exists between Vivid Seats and Digi Portal concerning the non-infringement of the '854 Patent.

55. Accordingly, Vivid Seats seeks and is entitled to a judgment against Digi Portal that vividseats.com, as well as any of Vivid Seats' activities and undertakings related to making, using, selling and/or offering for sale, as well as instructing customers to use vividseats.com, have

not infringed and do not infringe (directly, indirectly, contributorily, or by inducement) any valid claim of the '854 Patent.

## EIGHTH CAUSE OF ACTION

### (Declaratory Judgment of Invalidity of The '854 Patent)

56. Vivid Seats hereby incorporates by reference, as if stated fully herein, each allegation contained in ¶¶ 1–12, 16, and 18–23 of this Complaint.

57. The '854 Patent is invalid for failure to meet one or more of the conditions of patentability specified in Title 35 of the United States Code. Specifically, the '854 Patent does not satisfy the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

58. As set forth in detail above, an actual controversy exists between Vivid Seats and Digi Portal as to whether the '854 Patent is invalid.

59. Accordingly, Vivid Seats seeks and is entitled to a judgment against Digi Portal that the '854 Patent is invalid.

## NINTH CAUSE OF ACTION

### (Declaratory Judgment of Non-Infringement of The '342 Patent)

60. Vivid Seats hereby incorporates by reference, as if stated fully herein, each allegation contained in ¶¶ 1–12 and 17–23 of this Complaint.

61. Vivid Seats does not make use, offer for sale, sell, import, or export, and has never made, used, offered to sell, sold, imported, or exported, a device or apparatus that infringes either directly or indirectly, any valid and enforceable claim of the '342 Patent.

62. Furthermore, Vivid Seats does not practice or perform, and has never practiced or performed, any method that infringes, either directly or indirectly, or performed any acts constituting contributory infringement of, or inducement to infringe any valid and enforceable claim of the '342 Patent.

63. As set forth above, an actual controversy exists between Vivid Seats and Digi Portal concerning the non-infringement of the '342 Patent.

64. Accordingly, Vivid Seats seeks and is entitled to a judgment against Digi Portal that vividseats.com, as well as any of Vivid Seats' activities and undertakings related to making, using, selling and/or offering for sale, as well as instructing customers to use vividseats.com, have not infringed and do not infringe (directly, indirectly, contributorily, or by inducement) any valid claim of the '342 Patent.

## TENTH CAUSE OF ACTION

### (Declaratory Judgment of Invalidity of The '342 Patent)

65. Vivid Seats hereby incorporates by reference, as if stated fully herein, each allegation contained in ¶¶ 1–12 and 17–23 of this Complaint.

66. The '342 Patent is invalid for failure to meet one or more of the conditions of patentability specified in Title 35 of the United States Code. Specifically, the '342 Patent does not satisfy the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

67. As set forth in detail above, an actual controversy exists between Vivid Seats and Digi Portal as to whether the '342 Patent is invalid.

68. Accordingly, Vivid Seats seeks and is entitled to a judgment against Digi Portal that the '342 Patent is invalid.

## PRAYER FOR RELIEF

WHEREFORE, Vivid Seats requests that this Court enter judgment in its favor and against Digi Portal as follows:

A. Declaring that Vivid Seats does not infringe, and has not infringed, any valid claim of the '227 Patent;

    B.    Declaring that the '227 Patent is invalid under one or more of U.S.C. §§ 101, 102, 103, and/or 112;

    C.    Declaring that Vivid Seats does not infringe, and has not infringed, any valid claim of the '414 Patent;

    D.    Declaring that the '414 Patent is invalid under one or more of U.S.C. §§ 101, 102, 103, and/or 112;

    E.    Declaring that Vivid Seats does not infringe, and has not infringed, any valid claim of the '359 Patent;

    F.    Declaring that the '359 Patent is invalid under one or more of U.S.C. §§ 101, 102, 103, and/or 112;

    G.    Declaring that Vivid Seats does not infringe, and has not infringed, any valid claim of the '854 Patent;

    H.    Declaring that the '854 Patent is invalid under one or more of U.S.C. §§ 101, 102, 103, and/or 112;

    I.    Declaring that Vivid Seats does not infringe, and has not infringed, any valid claim of the '342 Patent;

    J.    Declaring that the '342 Patent is invalid under one or more of U.S.C. §§ 101, 102, 103, and/or 112;

    K.    Declaring the case exceptional under 35 U.S.C. § 285 at least as a result of Digi Portal's assertion of the '227, '414, '359, '854, and '342 Patents despite Digi Portal's knowledge of their invalidity and/or Vivid Seats' non-infringement of them, and ordering Digi Portal to pay Vivid Seats' reasonable attorneys' fees and expenses in this action;

    L.    Ordering Digi Portal to pay Vivid Seats' costs pursuant to 28 U.S.C. § 1920;

M.    Ordering such other and future relief as this Court deems just and proper.

## JURY DEMAND

Vivid Seats respectfully requests a trial by jury.

Dated: July 9, 2020

Respectfully Submitted,

By: /Mike R. Turner/
One of the Attorneys for Plaintiff,
**VIVID SEATS LLC**

Kevin C. May
(ARDC No. 6237636)
Mike R. Turner
(ARDC No. 6297803)
Andrew C. Wood
(ARDC No. 6324865)
**Neal, Gerber & Eisenberg LLP**
Two North LaSalle Street
Suite 1700
Chicago, Illinois 60602
Telephone: (312) 269-8000
Facsimile: (312) 269-1747
mturner@nge.com
kmay@nge.com
awood@nge.com